1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH J. ELLIS; HENLEY'S INVESTMENT, INC.; HENLEY'S INVESTMENT LLC; THE STATE OF CALIFORNIA FRANCHISE TAX BOARD; and the LOS ANGELES COUNTY TAX COLLECTOR,<br><br>Defendants. | Case No.: 2:22-cv-9321 WLH(JPRx)<br><br>**Judgment in Favor of the United States and Against Kenneth J. Ellis and Order of Foreclosure and Sale of Real Property [33]** |

On August 2, 2023, the United States of America, Plaintiff, and Kenneth J. Ellis; Henley's Investment, Inc.; and Henley's Investment LLC; Defendants filed a stipulation for judgment.

The Court, having considered the stipulation and finding good cause therefor, hereby **GRANTS** the stipulation and enters **JUDGMENT** as follows:

1.      Judgment is entered in favor of the United States of America, Plaintiff, and against Kenneth J. Ellis, Defendant, in the amount of $525,944.59 as of December 19, 2022, for outstanding federal income-tax liabilities for tax years 2000, 2002, 2003, 2004, and 2013, plus all subsequent statutory accruals, including interest and penalties, plus costs and expenses.

2.      Federal tax liens relating to Kenneth J. Ellis's tax liabilities for tax years 2000, 2002, 2003, 2004, and 2013 attach to the real property commonly known as 1407 W. 58th Place, Los Angeles, California 90047, with an assessor's identification number of 6002-004-016 and legally described as:

The Easterly 30 feet of Lot 99 of Tract No. 4269 in the City of Los Angeles, County of Los Angeles, State of California.

This property is referred to herein as the subject property.

3.      The federal tax liens identified in paragraph 2 are foreclosed as to the subject property, and the subject property is ordered to be sold as set forth below.

4.      Pursuant to 26 U.S.C. §§ 7402(a) and 7403(c), the subject property is ordered to be sold by the Area Director of the Internal Revenue Service (IRS) of the district that includes Los Angeles County, or that Director's delegate (such as the Internal Revenue Service Property Appraisal and Liquidation Specialist (PALS)), in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

5.      Any party to this proceeding or any person claiming an interest in the subject property may request that the Court order a private sale of the subject property pursuant to 28 U.S.C. § 2001(b). Any such motion shall be filed within 20 days after entry of this judgment. Any motion under Section 2001(b) shall set forth with particularity: (a) the nature of the moving party's interest in the subject property, (b) the reasons why the moving party believes that a private sale would be in the best interests of the United States of America and any other claimant involved herein, (c) the names of three proposed appraisers and a short statement of their qualifications, and (d) a proposed form of order stating the terms and conditions of the private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District Court for the Central District of California.

6.      The Area Director, or the PALS, is ordered to sell the subject property in accordance with 28 U.S.C. §§ 2001(a) and 2002 if no motion pursuant to the preceding paragraph is filed within the time set forth therein. The subject property shall be sold at a public sale to be held at the Los Angeles County Courthouse as set forth below:

a.      The PALS shall announce the date and time of the sale.

b.      Notice of the sale shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Los Angeles County, California. The notice shall describe the subject property by its street address and legal description and shall contain the terms and conditions of sale as set out herein.

c.      The terms and conditions of sale shall be as follows:

i.      All payments relating to the subject property shall be by money order or by certified or cashier's check.

2

ii.     A minimum bid determined by reference to the current fair market value of the subject property shall be required. The minimum bid shall be 75% of the current fair market value as determined by a PALS appraisal of the subject property.

iii.     The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

iv.     At the time of the sale, the successful bidder shall be required to deposit with the PALS, by money order or by certified or cashier's check payable to the United States District Court for the Central District of California, a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the subject property being struck off and awarded to such bidder as the highest and best bidder.

v.     The successful bidder shall remit the remaining eighty percent (80%) of said purchase price to be paid on or before 5:00 p.m., within three (3) business days of the date of sale by money order or by certified or cashier's check payable to the United States District Court for the Central District of California.

vi.     The money order or certified or cashier's check payable to the United States District Court for the Central District of California shall be given by the successful bidder to the PALS who will deposit the funds with the Clerk of this Court.

vii.     Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of the value of the subject property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty.

Payment of said penalty shall not be a credit on the judgment of the United States. The subject property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative, sold to the second highest bidder.

> d.    The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further order of the Court.

> e.    Upon selling the subject property, the United States shall prepare and file with this Court an application to confirm sale and direct distribution of sale proceeds, which shall set forth an accounting and report of sale of the subject property. The sale of the subject property shall be subject to confirmation by this Court. The application to confirm sale and direct distribution of sale proceeds shall be filed within thirty (30) days from the date of such sale. If no objections have been filed in writing in this cause with the Clerk of the Court within fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without necessity of motion. On confirmation of the sale, the Court will direct the Internal Revenue Service to execute and deliver its deed conveying the subject property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished.

8.    If requested in writing by the IRS, any person or entity occupying the subject property shall vacate the subject property permanently within 60 days of the IRS's written request and shall remove personal property but leave all improvements, buildings, fixtures, and appurtenances to the property.  This request may be posted at the property.  If any person or entity fails or refuses to vacate the subject property within 60 days of the IRS's written request, the PALS is authorized to coordinate with the United

States Marshals Service to take all actions that are reasonably necessary to have those persons or entities ejected or excluded from the subject property. The United States Marshals Service is authorized and directed to take all necessary actions, including the use of reasonable force, to enter and remain in the subject property, including all structures and vehicles located on the subject property, for the purposes of executing this order.  The United States Marshals Service is further authorized and directed to arrest and evict from the premises all persons who obstruct, attempt to obstruct, or interfere in any way with the execution of this order.  Any personal property remaining on the subject property 60 days after the IRS's request will be deemed forfeited and abandoned, and the PALS is authorized to dispose of any such property in any manner the PALS sees fit, including sale, in which case the sale proceeds are to be applied first to the costs and expenses of sale and the balance shall be deposited into the Court's registry for further distribution. This order shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be necessary for those purposes.

9.    Until the Court confirms the sale of the subject property, the IRS and its representatives shall have free and full access to the subject property to take all necessary actions to preserve and market the subject property for sale, including, but not limited to, photographing the interior and exterior of the subject property, examining the subject property, conducting open houses and other marketing efforts in relation to the subject property, and retaining a locksmith or other person to change or install locks or other security devices on any part of the subject property.

10.    Until the purchaser of the subject property has taken possession, Kenneth J. Ellis and Henley's Investment LLC, Defendants, shall:

a.     Take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures, and appurtenances on the subject property) in its current conditions, including maintaining fire-and-casualty insurance policies on the subject property;

b.     Timely pay all real property taxes, mortgage payments, homeowners association dues (if any), and insurance premiums relating to the subject property;

c.     Neither commit waste against the subject property nor allow or cause anyone else to do so; and

d.     Neither do anything that tends to reduce the value or marketability of the subject property nor allow or cause anyone else to do so.

11.     After the Court enters an order confirming the sale, the sale proceeds deposited with the Clerk of this Court shall be paid in the following order:

a.     First, to the United States for any of costs of sale associated with the subject property;

b.     Second, for any property taxes owed to the Los Angeles County Tax Assessor for the subject property;

c.     Third, to the United States to be applied to Kenneth J. Ellis's outstanding federal income-tax liabilities for 2000, 2002, 2003, 2004, and 2013; and

d.     The remainder of the sale proceeds (if any) shall be paid to Henley Investment LLC.

13.     Any sale pursuant to this order shall be free and clear of any liens and encumbrances held by any party to this action including the United States; Kenneth J. Ellis; Henley Investment, Inc.; Henley Investment LLC; the State of California Franchise Tax Board; and the Los Angeles County Tax Collector.

1       14.    The Court retains jurisdiction of this action for the purpose of
making proper distributions of the proceeds of the sale and resolving any
disputes concerning the application to confirm sale and direct distribution of
sale proceeds.

       **IT IS SO ORDERED.**

Dated:  August 9, 2023

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE